PAULINE R. RIEGGER, Respondent, *v.* VALHALLA MORTGAGE & FINANCE CORPORATION, Appellant.

*Per Curiam.* The principal question of fact for determination by the jury in this action, based on negligence, to recover damages to plaintiff's house from a falling tree, was whether the tree stood upon land which, while owned by defendant, was considered by the parties to belong to plaintiff. If, as defendant contended, both parties assumed that the tree stood on plaintiff's land, defendant owed plaintiff no duty to take care of the tree. On the crucial issue of whether the tree was within plaintiff's curtilage and within bounds claimed by plaintiff's predecessor in title and accepted by both plaintiff and defendant, testimony

as to any claim made to the land in question by plaintiff's predecessor in title should have been received, and defendant was also entitled to have the jury charged as requested that " * * * if they find that the plaintiff's ancestors and predecessors in title constructed the fence north of the tree and cultivated the land south of it, and the fence remained in substantially the same condition after her father died until the tree had fallen, they should render a verdict for defendant."

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to appellant to abide the event. Settle order on notice.